IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr14-MHT |
| | ) | (WO) |
| JAVIER GONZALEZ-ESQUIVEL | ) | |

OPINION AND ORDER

This cause is before the court on defendant Javier Gonzalez-Esquivel's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for March 13, 2019, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

> defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period "any delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D). It also excludes from the period any continuance based on based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Gonzalez-Esquivel in a speedy trial. First, the delay is necessary for the litigation of two pretrial motions filed by Gonzalez-Esquivel; the period while these motions are pending do not count against the 70-day speedy trial clock. Furthermore, counsel needs additional time to litigate these motions before the trial date. The government does not oppose the motion. A continuance is warranted to allow Gonzalez-Esquivel's counsel the opportunity to litigate his case fully and effectively.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Javier Gonzalez-Esquivel (doc. no. 20) is granted.

(2) The jury selection and trial, now set for March 13, 2019, are reset for April 8, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United

States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 26th day of February, 2019.

                                                /s/ Myron H. Thompson
                                               **UNITED STATES DISTRICT JUDGE**